IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | |
|---|---|
| CAMILLE GREEN, on behalf of herself and all others similarly situated, : : : Plaintiff, : : v. : : CORNERSTONE SERVICES, INC., : : Defendant. : | Case No. 1:20-cv-706 Judge Matthew W. McFarland |

### ORDER AND OPINION

This case is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. 30) and Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 33). Both matters are fully briefed and ripe for review. (*See* Docs. 34, 36-38.) For the following reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 33) and **DENIES AS MOOT** Defendant's Motion for Judgment on the Pleadings (Doc. 30).

### BACKGROUND

On September 9, 2020, Plaintiff brought claims under the Fair Labor Standards Act and Ohio law against Defendant. (*See* Compl., Doc. 1.) Plaintiff's claims center on Defendant's alleged failure to pay Plaintiff—as well as other similarly situated employees—for all hours worked. (*Id.* at ¶ 1.)

Following a Preliminary Pretrial Conference with the parties, the Court memorialized a calendar order on January 19, 2021. (Calendar Order, Doc. 12.) The deadline for the parties to amend the pleadings was set for "[one] month after conclusion of any first-tier notice stage or [one] month after resolution of a motion for conditional certification." (*Id.*)

On April 26, 2021, Plaintiff filed her Motion for Order to Conditionally Certify the Case as a Collective Action. (Motion for Conditional Certification, Doc. 13.) Then, on February 26, 2022, the Court stayed this case pending the Sixth Circuit's resolution of a matter directly impacting the applicable standard for conditionally certifying a collective action. (Order Denying Motion and Staying Case, Doc. 26.) The Court also denied Plaintiff's Motion for Conditional Certification without prejudice "to refile when those matters are resolved." (*Id.*) Following the Sixth Circuit's resolution of the relevant matter, the Court lifted the stay on June 9, 2023. (06/09/2023 Notation Order.)

On October 19, 2023, Defendant filed a Motion for Judgment on the Pleadings (Doc. 30). Less than a month later, on November 16, 2023, Plaintiff filed a Motion for Leave to File First Amended Complaint. (Motion to Amend, Doc. 33). Plaintiff's proposed Amended Complaint includes (1) additional claims for failure to include bonuses, commissions, and other remuneration in the regular rate calculation and (2) clarifications of previous allegations. (Motion to Amend, Doc. 33, Pg. ID 202; Proposed Am. Compl., Doc. 33-1.)

## LAW & ANALYSIS

The Court will begin with Plaintiff's Motion to Amend (Doc. 33) and then consider Defendant's Motion for Judgment on the Pleadings (Doc. 30).

### I. Motion to Amend

Before considering the substance of Plaintiff's Motion to Amend (Doc. 33), the Court must address whether the motion was filed before or after the deadline set in the scheduling order. This timing matters because a motion to amend after the scheduling order deadline implicates both Rules 16 and 15 of the Federal Rules of Civil Procedure. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). First, a plaintiff must demonstrate "good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). Then, only after a finding of good cause, the Court considers whether "justice so requires" granting leave to amend under Rule 15. *Id.*

The deadline to amend the Compliant in this case was set "[one] month after conclusion of any first-tier notice stage or [one] month after resolution of a motion for conditional certification." (Calendar Order, Doc. 12.) On February 26, 2022, the Court simultaneously stayed this case pending the Sixth Circuit's decision in a relevant matter and denied Plaintiff's Motion for Conditional Certification without prejudice "to refile when those matters are resolved." (Order Denying Motion and Staying Case, Doc. 26.) The parties perceived the impact of the Court's order on the deadlines in this case differently. (*See* Response, Doc. 37, Pg. ID 260; Reply, Doc. 38, Pg. ID 323-24.) But, even assuming that the stay order "resolved" the motion for conditional certification and that

3

the deadline to amend the Complaint was July 10, 2023, Plaintiff satisfies Rules 16 and 15.

### A.     Rule 16

A party moving to amend the Complaint after the scheduling order's deadline "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The primary inquiry under this good cause standard is whether the moving party acted diligently in attempting to meet the scheduling order's deadline. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Possible prejudice to the non-moving party is also a relevant consideration. *Id.*

#### i.     Plaintiff's Reply-Brief Arguments

The Court first turns to the preliminary question of whether it should consider Plaintiff's good cause arguments, which were first introduced in her reply brief. Courts generally decline to consider arguments first raised in a reply. *Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp. 2d 951, 958 (S.D. Ohio 2012). But, because Defendant raised the Rule 16 issue for the first time in its Response, Plaintiff was entitled to respond to it in her Reply. *See In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 599 (N.D. Ohio 2004); *Asbury v. Teodosio*, 412 F. App'x 786, 792 (6th Cir. 2011). Additionally, when faced with arguments perceived as "new" in a reply, the opposing party can move for leave to file a sur-reply. *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019); S.D. Ohio Civ. R. 7.2(a)(2). In consideration of this posture, as well as the above-mentioned confusion presented by the deadline, the Court will consider Plaintiff's good cause arguments.

4

### ii.     Good Cause

Plaintiff argues that she diligently moved to amend because "review of the potential damages in this case did not begin until the end of August [2023] when Defendant produced records in Excel, so Plaintiff could not have known of the regular rate claim until then." (Reply, Doc. 38, Pg. ID 325.) Consequently, Plaintiff maintains that she was unaware of the additional regular rate claim when the deadline to amend passed in July 2023. Plaintiff then sought to amend her Complaint "to clarify allegations" and "to add a regular rate claim that was discovered upon review of the records produced" within a month of Defendant's pending Motion for Judgment on the Pleadings. (*See* Motion to Amend, Doc. 33.)

As Plaintiff was only made aware of the new claims through discovery provided after the deadline to amend had expired, this demonstrates diligence and good cause. *See, e.g., Hearn v. Dick's Sporting Goods, Inc.*, No. 1:22-CV-329, 2023 WL 7298616, at *3 (S.D. Ohio Nov. 6, 2023) ("Because [plaintiff] did not have the evidence until after the deadline passed, it is clear he acted diligently—nothing he could have done would have enabled him to obtain the evidence in [defendant's] possession sufficiently early to meet the proposed amendment deadline."); *Campbell v. Premierfirst Home Health Care Inc.*, No. 2:22-CV-199, 2023 WL 1857834, at *2 (S.D. Ohio Feb. 9, 2023); *Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 460 (S.D. Ohio 2021).

### iii.     Prejudice

Defendant contends that the Amended Complaint would cause undue prejudice. (Response, Doc. 37, Pg. ID 262-63.) Namely, Defendant argues that it already spent

5

significant effort and resources in addressing the original Complaint, and the new allegations would upend this years-long litigation. (Response, Doc. 37, Pg. ID 258, 260.)

The Court recognizes that this case dates back to September 9, 2020. (Compl., Doc. 1.) But, viewing the age of this case in isolation fails to capture the full picture. Plaintiff filed her Motion for Order to Conditionally Certify the Case as a Collective Action on April 26, 2021. (Motion for Conditional Certification, Doc. 13). However, on February 26, 2022, the Court stayed this matter pending a Sixth Circuit decision and denied Plaintiff's motion without prejudice "to refile when those matters [were] resolved." (Order Denying Motion and Staying Case, Doc. 26.) That stay was not lifted until June 9, 2023. (06/09/2023 Notation Order.) With this context in mind, it is evident that much of this case was not—and could not have been—spent in active litigation. And, looking forward, key deadlines are still yet to expire. The deadlines for limited discovery regarding similarly situatedness, discovery, and dispositive motions all remain open—contingent on future triggering events. (*See* Am. Calendar Order, Doc. 35.) Thus, the posture of this matter is not a reason to deny Plaintiff's Motion to Amend.

In any event, the proposed amendment would not "upend" this case as Defendant claims. Plaintiff does not seek to remove claims or parties. Instead, Plaintiff seeks to add a regular-rate claim and clarify existing claims. (*See* Motion to Amend, Doc. 33.) The Amended Complaint would supplement the original Complaint, rather than fundamentally reshape the nature of this entire action. (*See* Compl., Doc. 1; Proposed Am. Compl., Doc. 33-1.) Given the early stage of litigation and similarity between the original Complaint and the Amended Complaint, Defendant will not be unduly prejudiced by

6

this amendment. *See Hearn,* 2023 WL 7298616, at *4 (granting motion to amend complaint that added new claim while the heart of the initial complaint remained the same); *Ousley,* 339 F.R.D. at 460 (finding that defendant need not incur significant costs or develop new litigation strategy when new plaintiffs and claims were sufficiently related to those already asserted).

For all these reasons, Plaintiff has demonstrated good cause to amend her Complaint under the contours of Rule 16.

### B. Rule 15

Once a party demonstrates good cause for amending after the deadline, courts turn to Federal Rule of Civil Procedure 15. *Leary,* 349 F.3d at 909. Under this Rule, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The liberal granting of amendments promotes the resolution of cases on their merits—not the technicalities of pleadings. *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982). In deciding a motion to amend, courts may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Defendant presents substantially the same arguments of prejudice under Rule 15 and Rule 16. (*See* Response, Doc. 37.) But, as previously explained, these arguments fail to show that amending the Complaint would cause undue prejudice to Defendant. Despite its age, this case remains in the early stages of litigation. Discovery and dispositive motions deadlines are not looming. (*See* Amend. Calendar Order, Doc. 35.)

7

Furthermore, in light of the similarity between the original and Amended Complaint, Defendant has not shown that additional costs or discovery would cause undue prejudice.

Nor does it appear that Plaintiff acted in bad faith when moving to amend. There have not been repeated failures to cure deficiencies by previous amendments. Rather, Plaintiff learned of the basis for the newly added claims through discovery and moved to amend shortly after Defendant's Motion for Judgment on the Pleadings. Delay, in and of itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).

For these reasons, the Court finds it proper to grant leave for Plaintiff to file her first Amended Complaint under Rule 15.

## II. Defendant's Motion for Judgment on the Pleadings

An amended complaint generally supersedes the original complaint, thus making a pending dispositive motion moot. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013); *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020). At times, courts may nevertheless consider the dispositive motion if the alleged defects from the original complaint are realleged in the amended complaint. *See Yates v. Applied Performance Techs.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). Plaintiff's Amended Complaint addresses many of the deficiencies alleged by Defendant in its Motion for Judgment on the Pleadings. (*See* Proposed Am. Compl., Doc. 33-1.) Accordingly, the Amended Complaint moots Defendant's pending Motion for Judgment on the Pleadings.

8

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 33) is **GRANTED**;

2. Plaintiff **SHALL FILE** her First Amended Complaint within seven (7) days of this Order. The Amended Complaint must contain all of Plaintiff's allegations and claims in one document. The Amended Complaint should not incorporate by reference the contents of the Complaint; and

3. Defendant's Motion for Judgment on the Pleadings (Doc. 30) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
